# Roberson *v.* The State.

### *Murder.*

(Decided June 30, 1909.    50 South. 345.)

1. *Homicide; Trial; Venire and Indictment.*—Section 7840, Code 1907, does not require that a copy of the indictment and the venire should be served at the same time in a capital felony; the service of a copy of the venire on Saturday afternoon, and of the indictment on the Sunday following, is a sufficient compliance with the rules, the cause being set down for the following Tuesday.

2. *Same; Malice.*—Where the defendant killed the deceased by shooting him and there was conflict in the evidence as to whether the shooting was accidental or intentional, the degree of the homicide and the question of malice were for the jury; and their findings under such circumstances will not be reviewed on appeal.

3. *Charge of Court; Argumentative Charge.*—A charge asserting that the jury, in considering the weight they would give to the testimony of W., might consider the fact if it was the fact, with the other evidence, that she was the mother of deceased, and might believe from the evidence, or from the jury's knowledge and experience as applied to the evidence, that she entertained that degree of affection and parental love, common to her race, was argumentative and properly refused.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Cleve Roberson was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were requested by and refused to the defendant: "(1) In determining what weight or credit, if any, you will give to the testimony of Lulu Ward, you may consider the fact, if it be a fact, along with all the other evidence, that she was the mother of the deceased, Foy Ward. (2) The court charges the jury that, in connection with the other evidence in the case, you may consider the fact that Lulu Ward was the mother of deceased, and may believe from the evidence, or from your own knowledge and experience as applied to the evidence, that she entertained that de-

gree of affection and parental love that is common to her race."

Brief for appellant not signed. Section 7840 requires a copy of the indictment and venire to be served together. The service of the venire on Sunday was a mere nullity.—*Pearce v. Hill,* 9 Port. 151; *Hayes v. Sledge,* 2 Port. 530; *Neighbors v. The State,* 6 Ala.

ALEXANDER M. GARBER, Attorney-General, for the State.—The service of a copy of the indictment and venire was not a judicial act and not void because served on Sunday—*Hammond v. The State,* 59 Ala. 164. The defendant got the benefit of all that the law intended to give him, and it was not essential that the service should have been at the same time.

MAYFIELD, J.—The defendant was indicted for murder in the first degree, and was convicted and sentenced for murder in the second degree. The special venire for the trial was drawn on Saturday, and the trial was set for the following Tuesday. All the orders of the court for the trial and venire appear to be regular. The sheriff served a copy of the venire on the defendant at 7 o'clock on the evening it was drawn, but no copy of the indictment at that time; but on Sunday he did serve the defendant with a copy of the indictment. This was a sufficient compliance with the statute (section 7840 of the Code of 1907) as to the service of a copy of the indictment and venire for the trial to be had on Tuesday following. The two copies need not be made or served at the same time.—*Barnett's Case,* 83 Ala. 40, 3 South. 612. The service of both was one entire day before the trial, and it is no ground for quashing the copy of the indictment, which was served on Sunday. Defendant had copy of both one

entire day before the trial, not including Sunday; hence the motion to quash on this ground was properly overruled.

The evidence showed that defendant killed deceased by shooting him with a gun. The evidence was conflicting as to whether it was accidental or intentional. The verdict of the jury, therefore, properly determined the question of malice, and the degree of the homicide, which finding we cannot review on this appeal.

The requested charges refused to the defendant were each mere arguments, and were properly refused.— *Mitchell's Case,* 133 Ala. 65, 32 South. 132.

Finding no error, the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.