NUNN v. STATE. ' (2 Div. 282.)

(Court of Appeals of Alabama. April 15, 1924.)

1. Constitutional law ⊚⟹321—Accused entitled to fair and impartial trial in manner provided by law.

Accused is entitled to fair and impartial trial, free from prejudicial or hurtful error, in the mode and manner provided by law.

2. Criminal law ⊚⟹1168(2) — Asking witness whether accused at another time beat blind boy and affirmative answer held prejudicial error.

In a prosecution for assault with intent to murder, where state asked prosecutor whether defendant at another time beat up a blind boy. and witness answered "Yes" before the court could rule on an objection, there was prejudicial error, evidence not being relevant, and it was immaterial whether or not purpose of question and quickness of answer was intended to prejudice the defendant before the jury.

3. Criminal law ⊚⟹369(3)—Testimony based on excluded evidence that defendant beat up blind boy held inadmissible.

In a prosecution for assault with intent to murder, court erred in permitting state to ask prosecutor what his relationship was with a blind boy, who, the witness had previously stated, had been beaten by defendant, though the court had excluded such prior statement from the evidence.

4. Criminal law ⊚⟹719(4)—State's attorney should not refer to excluded evidence.

Prosecuting attorney should not in his argument to the jury refer to excluded evidence by stating that the state was not permitted to prove the matter.

5. Homicide ⊚⟹118(3)—Rule on question of retreat from own dwelling.

The general rule on the question of retreat is that the person assailed is not bound to retreat from his own dwelling or from the curtilage thereof or such space as is customarily occupied by the dwelling house and outbuildings appurtenant thereto.

6. Homicide ⊚⟹118(3) — Rule as to retreat from own dwelling or its "curtilage" held not applicable to public road.

The public road some appreciable distance from the dwelling house of the defendant was not within the curtilage of his dwelling house.

[Ed. Note.—For other definitions, see Words' and Phrases, First and Second Series, Curtilage.]

7. Criminal law ⊚⟹814(3)—Charge not predicated on testimony properly refused.

A requested charge not predicated on the testimony was properly refused.

8. Criminal law ⊚⟹829(1)—Refusal of charge substantially covered by given charge not error.

It was not error to refuse a charge fairly and substantially covered by a given charge.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Charlie Nunn was convicted of assault with intent to murder, and appeals. Reversed and remanded.

Arthur M. Pitts and Edmund W. Pettus, both of Selma, for appellant.

Because of· the improper testimony with reference to defendant's assault upon a blind boy and the solicitor's remarks in argument,

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the case should have been taken from the jury, and motion for a new trial granted. Haley v. State, 63 Ala. 89; Chambers v. State, 17 Ala. App. 178, 84 South. 639; Tannehill v. State, 159 Ala. 51, 48 South. 662; Strother v. State, 15 Ala. App. 106, 72 South. 566; Moulton v. State, 199 Ala. 411, 74 South. 454; Bostick v. State, 94 Ala. 47, 10 South. 602; Stillwell v. State, 107 Ala. 16, 19 South. 322; Parker v. State, 88 Ala. 4, 7* South. 98; Florence v. Field, 104 Ala. 471, 16 South. 538; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 84, Ann. Cas. 1916A, 543; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

Harwell G: Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

An objection to a remark of counsel in argument, because of no facts upon which to rest it, should point out such ground. Ala. Power Co. v. Bruce, 209 Ala. 423, 96 South. 346. A wide latitude is given counsel in argument, and improper remarks must be of fact, not in evidence, pertinent to the issue, and tend to influence the jury, in order to be prejudicial. Mitchell v. State, 18 Ala. App. 471, 93 South. 46; Anderson v. State, 209 Ala. 36, 95 South. 171.

BRICKEN, P. J. [1] Every person indicted and tried for crime is, under the law, entitled to, and must be accorded, a fair and impartial trial free from prejudicial or hurtful error, and this without reference to the gravity of the offense or the nature of the charge. The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and, as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law. From an examination of the record before us we are not prepared to say that such trial was accorded this defendant. To the contrary, the apparent unusual manner with which this prosecution was conducted does not appear to have been conducive to that end.

[2-4] It may be that the statement made by the prosecutor, Templin, while on the stand, "What made you beat that blind boy up?" was admissible as of the res gestæ; moreover, no objection was interposed in this connection. But the next succeeding question propounded to this witness, by the state, "Did Mr. Nunn beat up the blind boy?" was improper, and sought to adduce testimony wholly irrelevant and inadmissible, and the alacrity with which the witness answered "Yes," notwithstanding the prompt objection to the question by defendant, was patently wrong, bordering upon the reprehensible. The question should not have been propounded in the first place, and certainly the witness should not have answered until the court had ruled upon the objection. The fact that the defendant on some former occasion had or had not beaten up a blind boy was not relevant on the trial of this case, and that this was hurtful to defendant is beyond question. It would make no difference whether the purpose of the question and the quickness of the answer was intended to prejudice the defendant before the jury. It could have had no other effect. The defendant's case here should not have been burdened by a matter wholly disconnected with the transaction under inquiry. The court sustained defendant's objection to the question after it had been answered, and instructed the jury not to consider the answer of the witness, but overruled the defendant's motion to take the case from the jury, which motion was based on the grounds "because such testimony had created a prejudice with the jury that would prevent the defendant from getting a fair trial." The matter under discussion did not stop here; on redirect examination of the prosecuting witness, Templin, the solicitor was permitted by the court, over the objection of defendant, to ask him, "What relation is the blind boy that you spoke of to you?" This ruling was error, the defendant was not on trial for and could not be convicted under this indictment for "beating up the blind boy" in question, and this inquiry had no place upon this trial. This matter was again brought to the attention of the jury by one of the attorneys for the state in the closing argument; he said:

"The state was not permitted to prove that the defendant had beaten up the blind boy, Tom Hunter, nor that Tom Hunter was a soldier, and had lost his sight in the service of his country or on battle fields of France, that this was not in evidence and could not be considered."

The attorney for the state was correct in saying that these facts were not in evidence, and for this very reason they should not have been stated to the jury by him. The court sustained the objection and granted defendant's motion to exclude same. In Cassemus v. State, 16 Ala. App. 61, 75 South. 267, this court said:

"A defendant is entitled to a fair trial by jury according to the law and the evidence, and such trial should be free from any appeal to prejudice or other improper motive. It would appear that the [trial] judge * * * did all in his power to right the wrong occasioned by the improper and untimely remarks of the solicitor; it cannot, however, be seriously doubted but that the poison that had been injected would be difficult to eradicate."

And in that case the court also stated:

"It does not clearly appear that a perfectly fair trial, without undue burden, prejudice, and bias, was accorded the defendant, and therefore

the court was in error in overruling defendant's motion for a new trial."

[5, 6] The exception reserved to the oral charge is without merit and cannot be sustained. The general rule on the question of retreat is that a person assailed is not bound to retreat from his own dwelling or from the curtilage thereof or such space as is customarily occupied by the dwelling house and outbuildings appurtenant thereto; and cases may and do arise wherein it can be affirmed as a matter of law that a given house, structure, or place is or is not within the curtilage. However upon the evidence in this case the court below nor this court cannot say, as a matter of law that the place where the difficulty here complained of occurred was within the curtilage of the defendant's dwelling house. The contrary affirmatively appears, from the undisputed evidence, there being no conflict in the evidence that the scene of the difficulty was out in the public road and some appreciable distance from the dwelling house of the accused. King v. State (Ala. App.) 96 South. 636.[1] The excerpt of the oral charge complained of was not erroneous; the law was properly stated by the court.

[7] Refused charge 1 was not predicated upon the testimony. Edwards v. State, 205 Ala. 160, 87 South. 179.

[8] Charge 2 refused to defendant was fairly and substantially covered by given charge 1; there was therefore no error in the refusal of this charge.

From what has been said, refused charges B, and 3, were abstract and properly refused.

Charge X refused was abstract. While a plea of misnomer was interposed by defendant, it appears to have been abandoned as no ruling thereon was invoked and no action taken so far as the record shows. It affirmatively appears from the judgment entry that upon arraignment on the indictment the defendant pleaded to its merits by entering the plea of "not guilty."

We are of the opinion that the motion for new trial should have been granted by the court because of the foreign and unwarranted issue injected into this case by the state. The testimony brought out by the state as to defendant having beaten up a blind boy, on some former occasion, coupled with the highly damaging argument by the state's counsel on this question, was patently so injurious to the substantial rights of this defendant that no action of the court could counteract the ill effect, no matter how prompt and emphatic the court's action in this regard may have been. Certainly the casual utterances of the court that the jury should not consider or regard this matter could not have entirely eradicated this hurtful matter from the minds of the jury. This matter was not necessary to a conviction in this case if the theory of the state is correct and if the testimony of the state's witnesses believed to be true under the required rules of evidence.

Let the judgment appealed from stand reversed and the cause remanded.

Reversed and remanded.