**BROWN v. STATE.     (4 Div. 880.)**

(Court of Appeals of Alabama.     July 22, 1924.)

**1. Criminal law ⊚═⇒328—Burden on state to prove corpus delicti.**

The burden is on the state to prove beyond a reasonable doubt that the crime has been committed.

**2. Criminal law ⊚═⇒563—Corpus delicti may be shown by circumstantial evidence.**

That the crime has been committed may be shown by circumstantial evidence, if the proof is satisfactory under the rules of evidence.

**3. Criminal law ⊚═⇒741(1)—When question of commission of crime for jury stated.**

If any facts are shown from which the jury may reasonably infer that a crime has been committed, trial court is under duty to submit question to jury.

**4. Criminal law ⊚═⇒535(1)—Extrajudicial confession not alone sufficient to prove corpus delicti.**

Mere extrajudicial confession, uncorroborated by other facts, is not sufficient to establish the corpus delicti.

**5. Criminal law ⊚═⇒753(2)—General charge for accused should not be given if any evidence tending to make out case.**

General charge for accused should never be given when there is any evidence however weak or inconclusive tending to make out case against him.

**6. Arson ⊚═⇒40—Evidence as to corpus delicti held sufficient to go to jury.**

Evidence of the corpus delicti held sufficient to go to jury.

**7. Criminal law ⊚═⇒742(3)—Credibility of impeached witness is for jury alone.**

Although witness had been impeached by practically every method known to the law, trial court cannot declare him unworthy of belief, but it is its duty to leave question of his credibility to jury.

**8. Arson ⊚═⇒28—Testimony held competent to show opportunity to commit offense.**

Testimony that accused was seen in close proximity to building in question on night of fire short time prior thereto, and that he left building an hour or more before fire was discovered, and went to his home some distance away, was competent to show opportunity to commit offense.

**9. Arson ⊚═⇒31—Testimony as to motive held admissible.**

In prosecution for arson, testimony tending to show a motive, although weak and inconclusive, held admissible.

**10. Criminal law ⊚═⇒741(1)—Court should direct verdict, if no evidence of corpus delicti; court must submit case to jury, if evidence of corpus delicti is present.**

Court can properly hold that there is no evidence of corpus delicti, if there is none, and in that event should direct verdict.

**11. Criminal law ⊚═⇒517(4)—After testimony presenting question for jury as to corpus delicti, confession of accused is admissible.**

After testimony has been presented sufficient to require submission to jury of question of commission of crime, an alleged confession of accused is admissible; its weight and credibility being for jury.

**12. Criminal law ⊚═⇒1159(3)—Court of appeals no authority to revise finding of jury based on proof tending to show guilt, though conflicting.**

Jurisdiction of Court of Appeals is appellate only, and it cannot revise findings of jury based upon proof tending to show guilt, although conflicts in testimony are great and irreconcilable, and that relied on for conviction appears unreasonable and unusual.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Emmett Brown was convicted of arson in the first degree, and appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

---

⊚═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A mere extrajudicial confession, uncorroborated by other facts, is not sufficient to prove the corpus delicti, and cannot support a conviction. Johnson v. State, 142 Ala. 1, 37 South. 937; Patterson v. State, 202 Ala. 65, 79 South. 459. In arson the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired. Jones v. State, 18 Ala. App. 609, 93 South. 230; Carr v. State, 16 Ala. App. 176, 76 South. 413.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The corpus delicti was proven, and admission of defendant's confession was proper.

BRICKEN, P. J. The facts, as shown by this record, disclose that on January 2, 1923, a building in the city of Eufaula, partly occupied by this defendant as a vulcanizing shop, etc., was destroyed by fire, and that in said fire two unfortunate people, father and daughter, who occupied living rooms on the second floor of said building, perished; that on or about March 12th, 1923, this defendant was arrested upon a warrant sworn out by one Shaffer, a deputy state fire marshal, which charged the defendant with arson in the first degree, in that he willfully set fire to or burned said building, etc. On May 1, 1923, an indictment was returned into open court by the grand jury of said county charging him with the same offense. He was tried and convicted and the jury fixed his punishment at imprisonment in the penitentiary for a term of ten years; he was duly sentenced accordingly, and appeals.

The controlling question presented is whether or not the corpus delicti was proven. Able counsel for appellant strenuously insist that it was not, and that the lower court erred in submitting this question to the jury and in admitting the alleged confession of the defendant. Counsel for appellant contend that the defendant was entitled to the affirmative charge on the grounds that the evidence adduced upon this trial in the court below failed to establish the corpus delicti.

[1-4] The rule relating to the corpus delicti has many times been stated. It is that in every criminal case the burden is on the state to prove beyond a reasonable doubt that the crime has been committed. This may be shown by circumstantial evidence if the proof thereof be satisfactory under the required rules of evidence; and, if any facts are shown from which the jury may reasonably infer that the crime has been committed, the trial court is under the duty to submit the question to the jury, and, when the evidence attains this status, any other legal evidence tending to implicate the person charged is rendered admissible. A mere extrajudicial confession, uncorroborated by other facts, is not sufficient to establish the corpus delicti.

[5] An elementary rule of law is that a defendant is not entitled to the affirmative charge, where there is a conflict in the testimony. In other words, the general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make out the case against the defendant—the person accused.

[6, 7] The instant case has had our careful and attentive consideration. We are at a loss to understand how it can be seriously insisted that there is no evidence of the corpus delicti, or facts shown, if believed, from which the jury could reasonably infer that the crime had been committed. For instance, the testimony of state witness Kimpsey, who testified that he was in the employ of the defendant, and that on three separate occasions shortly prior to the time of the fire the defendant tried insistently to get him to set fire to and burn the building, and that, failing to do so, he, "the defendant, stated that he would do it himself then," and that this was on the same day or the day before the fire occurred. There was other testimony given by this witness of similar incriminating import, and its tendency was very damaging to defendant. It is true that this witness Kimpsey was impeached by practically every method known to the law of evidence. The testimony of numerous witnesses tended to show that his general character was bad, and that they would not believe him on oath in a court of justice. This testimony appears without dispute or conflict, and no witness was offered to sustain the character of Kimpsey. He was further impeached by the testimony of several witnesses to the effect that he had made statements relative to his knowledge of this case on several prior occasions different to the statements made on the trial. From the undisputed facts, and from his general demeanor and conduct, it may be, as contended by counsel for appellant, that his entire testimony was untrue, and that his statements were unworthy of belief; but the court below could not so declare, nor has this court the authority to do so, as it was for the jury, and the jury alone, to decide what weight, if any, they would give to the testimony of this witness. In other words, it was not for the court to decide the credibility to be given to the statements of this or any other witness, but it was his duty, as he did, to leave it to the jury. We approve the statement made in the oral charge of the court on this question, when the court said:

"The law does not say that because a witness has been impeached he is on that account necessarily swearing falsely, but it does say that if a jury becomes convinced that a witness has willfully sworn falsely as to some material matter then they may in their * * *

discretion discard entirely the testimony of such witness."

See Osborn v. State, 125 Ala. 106, 109, 27 South. 758, and cases cited.

[8-10] By the testimony of state witnesses A. R. McCabe and Elmer Cargill the defendant was shown to have been in close proximity to the building in question on the night of the fire and some short time prior thereto. This was admitted by the defendant, and from his and other testimony it was shown without dispute that this defendant was the last person in his place of business, and that he left there an hour or more before the fire was discovered, and went to his home some distance away. This testimony was competent in order to show his proximity to the building in question and as a consequence an opportunity to commit the offense. By state witness W. H. Folsom there was some testimony tending to show a motive, and, though possibly weak and inconclusive, was admissible for that purpose. However, the question under discussion—that of the corpus delicti—depends upon the testimony of the said state witness Kimpsey, and it was upon the fact that this testimony was before the jury which not only authorized but required the court to submit the question to the jury. The court could properly hold that there was no evidence of the corpus delicti, if there were none, and in that event should direct a verdict. But, where there is evidence of the corpus delicti, or facts shown from which the jury could reasonably infer that the crime complained of had been committed, the court had no authority to substitute itself for the jury, and we must here, perforce, sustain the court in declining to do so.

[11] After the testimony of witness Kimpsey had been adduced, thereby presenting a question of fact for the jury, and meeting the rule as to the corpus delicti, the alleged confession of the defendant became admissible for what it was worth; the weight and credibility thereof being a question for the jury.

The charge against the accused was indeed a grievous one—a very grave felony. Throughout the trial, and at all times, the defendant, whose exceptional good character had been attested by practically all the witnesses, both for the state and defendant, and which fact is without conflict, has proclaimed his entire innocence, and it cannot be denied that the evidence in this record contains many facts and circumstances which appear inconsistent with his alleged guilty participation in the crime charged; and, if it is true, as is so strenuously contended by him and his counsel that the testimony of witness Kimpsey is untrue, and that the alleged confession was obtained from defendant by a subterfuge and misrepresentation upon the part of the witnesses who obtained it and testified thereto, these are matters, under the present status of this case, which of necessity should be presented to the pardoning board and to his excellency the Governor for their careful and solemn consideration, for it is not the intention nor the purpose of the law that an innocent person be called upon to suffer punishment of conviction. As stated in Charlie Nunn v. State, 19 Ala. App. 619, 99 South. 738:

"The innocent ought not to be punished, and the law does not intend or provide that they shall be punished."

[12] Courts are not invested with the pardoning powers. The jurisdiction of this court is appellate only, its duties are revisory, and, where there is proof tending to show guilt, and the jury has passed upon it, we have not the authority to revise their findings and substitute this court for the jury who tried the case; for it is the exclusive province of the jury to pass upon the weight and the sufficiency of the evidence. Of course, where there is no evidence of guilt, the question is not for the jury, but is one of law for the court. Here, as stated, the discrepancies in much of the testimony may be glaring and apparent; the inconsistencies great, and the conflicts irreconcilable, and the testimony may appear unreasonable and unusual; but as hereinabove stated it was not for the lower court, nor can this court so declare; all this was for the jury, there being some evidence adduced upon this trial which tended to prove the commission of the act complained of and also the participation in said unlawful act by the accused.

We have examined the record proper, and it appears to be without error; all of the proceedings contained therein are regular.

Each ruling of the court invoked and presented for our consideration has been thoughtfully considered. We find no error in these rulings authorizing this court to order a reversal. The oral charge of the court was able and fair. The court's rulings on all questions appear of the same character. Finding no error, the only order we have authority to enter is an affirmance of the judgment appealed from. And it is so ordered.

Affirmed.