198 So. 869

## SNODGRASS v. STATE.

### 8 Div. 14.

Court of Appeals of Alabama.

Nov. 26, 1940.

H. T. Foster, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

Appellant was convicted for the unlawful possession of about one half pint of whiskey. Upon the conclusion of the evidence taken for the State, he moved to exclude the same and requested his discharge on account of the insufficiency thereof to sustain the charge. This motion was overruled by the court, as was his motion for a new trial which was thereafter seasonably and properly presented. Exception to the court's ruling was duly reserved.

Constructive possession alone is not sufficient to · justify a conviction of the offense charged. Burroughs v. State, 24 Ala.App. 579, 139 So. 115; Pate v. State, 26 Ala.App. 487, 162 So. 571.

The "scintilla rule" cannot be invoked to uphold a criminal prosecution. In such cases there must be substantial evidence tending to support all the elements of the offense charged. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Curlee v. State, ante, p. 393, 196 So. 747; Thurman v. State, ante, p. 394, 196 So. 748.

The case, in its entirety, has been read and carefully studied by the court, sitting en banc, and we are of the opinion that the evidence for the State—weak, inconclusive and speculative as it was—was insufficient. To allow the conviction to stand would offend the rule announced by the foregoing decisions, as well as that in Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, 740. For "after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided" as to clearly convince us that to allow the conviction to stand would be "wrong and unjust."

The whole case considered therefore, as well as the forceful argument of the able assistant attorney general, it is our opinion that the learned trial court was in error in refusing to grant the motion of defendant for a new trial. The cause is therefore reversed and remanded.

Reversed and remanded.