199 So. 253

## WELLS v. STATE.

### 4 Div. 590.

Court of Appeals of Alabama.

Dec. 17, 1940.

J. N. Mullins, of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction of petit larceny, this appeal was taken.

Upon the trial of this case, in the court below, a large number of witnesses were introduced and gave testimony. However, pending the trial, no rulings of the court were invoked except the action of the court in refusing to give, at request of defendant, the general affirmative charge;

and also in overruling his motion for a new trial.

Each of the foregoing insistences must be decided adversely to the appellant.

The case, under review, presented a question of fact, pure and simple, and for this court to render judgment of reversal it would be tantamount to a substitution of this court for the jury, and trial judge, who tried the case in the court below.

 Briefly stated, the alleged injured party, Travis Mixon, Jr., missed, from his farm, a number of hogs. As to this there is no dispute or conflict. A few days later he found, and identified, four of said hogs in the possession of Vann & Baxley who were engaged in the business of buying hogs on a large scale. After positive identification of said hogs, the said Vann & Baxley turned them over to Travis Mixon, Jr., with the information they had bought said four head of hogs from one Willis McArthur, also a hog buyer; and McArthur, in turn, testified he had purchased the hogs in question from the defendant. All of which was without dispute or conflict.

The defendant testified that the hogs he sold to McArthur were his own property; that he had bought them in Florida; and he offered the testimony of other witnesses which tended to corroborate him in the statement he had bought the hogs in Florida. Defendant further testified that these hogs in question, with others, had strayed away from his place, and he received information that a Mr. Arthur Thomas had taken up as estrayed a number of hogs. He testified he went over to see the hogs at Thomas' place, the first trip being at night, and on that trip he was unable to say positively that the hogs in Thomas' pen were his property. But three or four days later he made another trip to Thomas' place and on that occasion claimed the estrayed hogs as his own and he paid Thomas the sum of $17.50 for the advertisement and feeding the hogs in question, whereupon Thomas turned the hogs over to him, and, as stated, he sold them as hereinabove detailed.

From the foregoing, the crucial and controlling question of fact in this case was presented for the jury to determine, and, as stated, it was the sole province of the jury to weigh and consider the controverted questions, and to accord probative force where in their judgment it belonged. The jury decided adversely to the defendant, and in so doing acted in accordance with their prerogative under the law.

Again, we assert, for this court to disturb the judgment of conviction and reverse and remand this case, it would in effect and in fact result in this court substituting itself for the jury who tried the case, and this we are without authority to do, even if we so desired.

There was ample evidence to support the verdict of the jury and to sustain the judgment of conviction from which this appeal was taken. Said judgment will stand affirmed.

Affirmed.