3 So.2d 136

### WILSON v. STATE.

8 Div. 123.

Court of Appeals of Alabama.
March 18, 1941.

Rehearing Denied April 8, 1941.

Wm. Stell, of Russellville, and H. D. Jones, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The appellant was convicted in the lower court of larceny from the person, and appeals to this court. One Floyd Gar-

rison is the prosecutor from whose person appellant allegedly stole about $67. The main insistence of error is the asserted impropriety of the action of the trial court in refusing the appellant's request to direct a verdict in his favor.

■ The general affirmative charge for the defendant in a criminal case cannot be given where, from the facts and circumstances proven, there is afforded a reasonable inference against his innocence. In such a case, the issue of guilt should be referred to the jury for determination, along with proper instructions by the court as to the presumption of innocence attending the defendant on trial and the burden of proof resting upon the State in such cases. Whether or not there be any evidence is a question for the court, but the sufficiency thereof is for the jury. Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am.St.Rep. 60, 10 Ann.Cas. 1126; Howard v. State, 108 Ala. 571, 18 So. 813; Suttles v. State, 15 Ala.App. 582, 74 So. 400.

■ Using the line of authorities cited above as our guide, it is not difficult to conclude that the trial court should not be placed in error for refusal of the affirmative charge in this case. We have given careful and studious consideration to the evidence adduced and to the cogent argument of able counsel for the appellant, but are persuaded that there was not that want of incriminating evidence, material to conviction, as would warrant the trial court in withdrawing the case from the jury's consideration. Borrowing the language of the Howard case, supra, 108 Ala. page 576, 18 So. page 815: "The facts and circumstances in evidence, if dissevered and disconnected, may be weak and inconclusive; but their probative force, when combined, as it was the province of the jury to combine them, under proper instructions from the court, may have satisfied them of the guilt of the defendant."

■ Our jurisdiction is appellate only and the facts and circumstances revealed by the evidence must be reviewed in the light of their original setting. In resolving the issues it was the province of the jury to consider: the evidently disreputable place of the alleged offense; the degree of drunkenness of the prosecutor, Garrison; his testimony that there were only himself, the defendant, and another in the room where he, in their presence, took his roll of money from his pocket, extracted $1 therefrom, and paid the defendant for the whiskey which defendant had sold him, and the drinking of which soon rendered him insensible to his surroundings; that before he became thus unconscious, the defendant "started to put" his hand into Garrison's pocket where his (Garrison's) money was, and that he knocked defendant's hand away when he touched his pocket; that he then, in this room alone with defendant and the other man, became unconscious and remained so for about an hour, and when coming to himself was outside of the house, in the street, much befuddled; also, that Garrison had, later, been repaid in part for the stolen money, and the contention of the State—and reasonably inferable—that same was inspired or instigated by the defendant either from a feeling of guilt or a desire to stop further prosecution of the case (all unobjected to by defendant); the seeming reluctance on the part of some of the witnesses in testifying and the conflicting testimony given by others. All of these facts and circumstances, some very pertinent and strongly incriminating against the defendant, afforded a reasonable and substantial inference against the innocence of the defendant and rendered submission of the case to the jury proper.

The defendant, of course, denied taking the money or selling the whiskey, and introduced evidence, the tendency of which was to support his contention that Garrison was very drunk and lost his money in a negro crap game in the room where Garrison claimed to have bought the whiskey There was also some testimony for the defense that the prosecutor had admitted to others that he lost his money gambling, although this was denied by him.

■ Viewing the record impartially, it is apparent, the foregoing authorities aside, that the evidence was in clear and sharp conflict. In such a case, it is never proper to take the case from the jury. This court is not authorized to sit as one of original trial and substitute its conclusion on the facts for that of the jury which saw the witnesses, heard their testimony, and whose sole prerogative it was to return a true verdict after a proper consideration thereof. Wells v. State, 29 Ala.App. 586, 199 So. 253; Brown v. State, 20 Ala. App. 178, 101 So. 224; Roberson v. State, 162 Ala. 30, 50 So. 345; Ala.Dig., Criminal Law, ☞1159(1).

We conclude, the general affirmative charge for defendant was correctly refused.

■ Nor is the insistence well taken that there was error in admitting the testimony as to the purchase by the prosecuting witness of the whiskey. This transaction was a part of the res gestae and was admissible even though it involved proof of the commission of another crime by defendant. Wilkins v. State, 29 Ala. App. 349, 197 So. 75; Underhill's Cr.Ev., 4th Ed., Sec. 181, p. 318; Wharton's Cr. Ev., Sec. 31, p. 60.

■ Nor can error be rested upon the action of the court as regards the argument of counsel for appellant suggesting the worthlessness of the oath of the prosecuting witness, a white man who would visit such a place and so conduct himself. While we do not censure counsel for his fervor or conclusion in that regard, the record fails to show error. For the court allowed the argument, with the proviso that it should be counsel's opinion based upon the evidence in the case.

■ No additional evidence was presented in support of the motion for a new trial. The findings of the trial court, on appeal, are presumptively correct, the burden being upon appellant to show error. The verdict of the jury and the judgment of the trial court import verity and should be solemnly regarded. The reviewing court should not capriciously disturb them, nor unless a valid, legal reason therefor is made to appear. Nor will the ruling of the trial court upon the motion for a new trial be overturned unless to allow the verdict to stand would be manifestly wrong and unjust. Freeman v. State, Ala.App., 1 So.2d 917;[1] Girardino v. Birmingham So. Ry. Co., 179 Ala. 420, 60 So. 871. Tested by the rule of these authorities and others of similar import, we cannot affirm that there was error in denying the new trial here.

■ The substantial rights of the appellant appear to have been fairly observed at the trial. The instructions of the able trial judge to the jury fully and correctly stated the applicable law in every detail. The jury believed the defendant guilty and so found. This court deems it improper to disturb the judgment.

Affirmed.

On Rehearing.

PER CURIAM.

The cogent argument of able counsel for appellant, upon rehearing, still leaves us unconvinced that we should set aside the judgment of the trial court or pronounce a reversal of the cause for the failure of the trial court to grant defendant a new trial. This court is bound to judge the case by existing law and rules obtaining in appellate jurisdiction.

■ If there are certain facts, importantly bearing upon defendant's innocence, which are not presented by this record, then his plea should be made to the pardoning authorities. Our prerogative does not extend so far.

And as for the contention that the prosecutor exhibited his money before going into the room where he claims to have lost it, let us say that this interpretation of the record is immaterial to the conclusion we reach.

■ Moreover, the bill of exceptions must be construed most strongly against the exceptor. Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547.

After further study of the evidence, and tendering due consideration to the well-prepared briefs of the learned counsel for appellant upon rehearing, we are still persuaded that to declare a reversal would be unwarranted.

Opinion extended and application overruled.