14 So.2d 742

### SIMS v. STATE.

8 Div. 331.

Court of Appeals of Alabama.

June 22, 1943.

Rehearing Denied Aug. 10, 1943.

248

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The single ground insisted upon by counsel for appellant to effect a reversal is the alleged erroneous refusal of the trial court to grant the motion for a new trial.

W. C. Holesapple was employed by North Alabama Fair Association, as ticket taker in the reserved seat section of the stand when the fair was in progress at Florence, Alabama. His duties were to require a pass or ticket of each person before allowing them to pass his gate and enter the section. Rufus Sims, also an employee, thinking he had the privilege of passing his parents into the reserved seat section without a ticket, attempted to do so by Holesapple's gate, and was denied entrance. A difficulty between the two ensued, from which Holesapple emerged with a "jagged wound on his forearm." According to Holesapple, the defendant hit him with a plank and wounded him when he was trying to prevent defendant from making the unauthorized entrance into the reserved seat section with his parents. The tendency of the defendant's evidence, on the contrary, supported his plea of not guilty.

We are asked to pronounce as erroneous the lower court's action in denying the new trial, although the record clearly reflects that the evidence was in conflict and the questions involved were, entirely and exclusively, for the determination of the jury.

The law as to this is well known, and unless it is clearly apparent that the verdict was wrong and unjust the reviewing court will not overturn that verdict. Davis v. State, 29 Ala.App. 421, 198 So. 153, certiorari denied 240 Ala. 160, 198 So. 155; Snodgrass v. State, 29 Ala.App. 564, 198 So. 869; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136.

We review such nisi prius action in the light of the well-recognized presumption favoring the correctness of the ruling below. Adams v. State, 29 Ala.App. 517, 198 So. 451; Cusimano v. State, ante, p. 99, 12 So.2d 418(4).

Emphasis has also been given the utterance that "the verdict of a jury and the judgment of a trial court are solemn things; and they should not be overturned by an appellate court, unless a good, legal reason therefor is shown." Freeman v. State, 30 Ala.App. 99, 102, 1 So.2d 917, 920.

The evidence of record has been carefully considered in the light of these well-recognized rules of appellate review, and we are convinced that there is no just ground for judicial interference with the verdict of the jury and the judgment pronounced thereon.

The argument of learned counsel for appellant, in effect, would have this court substitute itself for the jury who tried the case and whose sole prerogative it was to resolve the conflicting tendencies of the evidence and ferret out the truth. This is not our jurisdiction or authority. Wells v. State, 29 Ala.App. 586, 199 So. 253. We cannot—were we so minded—sit as a court of original trial and thereby supplant the jury's findings. Adams v. State, supra; Wilson v. State, 30 Ala.App. 126(6), 3 So. 2d 136.

In addition to a consideration of that which has been argued by counsel, our duty under the law is to search the record for error, regardless of whether or not argued. This we have done, and discover none.

The whole case considered, it is our conclusion that no reversible error is made to appear, so the judgment must be affirmed. So ordered.

. Affirmed.