27 So.2d 511

**BOWMAN v. STATE.**

**7 Div. 853.**

Court of Appeals of Alabama.
June 25, 1946.

Rehearing Denied Aug. 1, 1946.

476

Obe Riddle, of Talladega, for appellant.

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted on a charge denounced by Title 14, Sec. 331, Code 1940. The pertinent part is: "Any person who steals * * * any part of any outstanding crop of corn or cotton of the value of five dollars or more * * * shall be guilty of grand larceny."

The trial court refused to the defendant the general affirmative charge and in this manner the sufficiency of the evidence to sustain the conviction is presented.

About 300 yards from the home of appellant a Mr. Wade planted approximately two and three quarter acres of corn. At the time of the alleged offense, in the early part of September, the grain was fully grown and was partly dry on the stalks. At this time the owner observed that about seven bushels of corn had been taken from the field. Some of the ears had been severed from the stalks by cutting, others by breaking.

We take the remaining evidence we will recite from the brief of the Assistant Attorney General. It is there set out accurately and correctly.

"He reported the matter to local police and an investigation was made by Officers Willis Dean and Milton Johns of the Talladega police force.

"Going to the scene of the theft the officers testified that they observed numerous stalks of corn which had been cut or had had ears of corn pulled therefrom. They also noted the wheel tracks of a small two-wheeled cart leading from the scene and heading out through the field to a road leading to the direction of defendant's home. These tracks indicated that the wheels were rubber tired, and the tracks further disclosed that one wheel had the peculiar distinguishing feature of wire having been wrapped around the tire and wheel, resulting in a definite track pattern. Pursuing their investigation further, these officers went to the home of defendant and in looking about his premises observed a cart in his back yard. Defendant acknowledged that the cart belonged to him. The officers took one of the wheels and finding that one of the rubber tires was bound to the wheel by wire being wrapped around it proceeded to the scene and placed said wheel in the tracks made. It was found that the wheel fit exactly into the pattern of track at the scene and it was further observed that defendant's cart would make similar tracks as those found. Searching defendant's premises further the officers found a barrel in back of defendant's house which contained several bushels of corn. Part of this corn appeared to have been cut from the stalk and part appeared to have been torn from the stalk in a similar manner that the property owner's corn had been removed. Defendant also acknowledged that this corn belonged to him.

"The defendant testified in substance that he knew nothing whatsoever about the commission of the crime. He stated that the wheel the officers had did not belong to his cart and further that the corn found in his barrel had been purchased a short time previously from a Mr. Stroop, who lived in the vicinity."

The evidence clearly presents a jury question and the lower court was not in error in refusing the general affirmative charge. Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Sims v. State, 99 Ala. 161, 13 So. 498.

The only other question presented for review by the record relates to an objection to the introduction of a cart wheel

which allegedly was found in the defendant's yard. When this article was tendered in evidence by the State, appellant's counsel objected on the stated ground that it was illegal, irrelevant and immaterial, and that it had not been traced to the premises of the defendant. This was the cart wheel which the State claimed had the defective tire and was found in the defendant's yard according to the testimony of the officers.

We hold that against the grounds asserted it was properly admitted in evidence.

The judgment of the court below is ordered affirmed.

Affirmed.