BOWEN, Judge.
The defendant was indicted and convicted for the theft of property in the second degree. Alabama Code 1975, Section ISA-S'^ (Amended 1977). He was given a split sentence with six months to be served in the county jail and two and one-half years’ probation.
The major issue on appeal is that the evidence is insufficient to support the verdict of the jury. After a careful review of the evidence presented we find that the issue of the defendant’s guilt or innocence was properly submitted to the jury.
The State’s evidence revealed that a water pump and a water tank were stolen from Charles McKinley during the night or early morning hours of January 29, 1980. A trail of rusty water led to the pump and tank which were located near the defendant’s trailer. On the afternoon of the 29th, the defendant and Steve R. Johnson loaded the pump and tank into a truck. Later they placed the stolen items in a Vega automobile parked in front of the defendant’s trailer. The defendant drove the Vega onto the highway where he was stopped by County Sheriff’s Deputy Walter Cook and arrested for the theft of the pump and the tank.
Deputy Cook testified that the defendant told him that he had purchased the items. Cook stated that the defendant did not state the name of the individual from whom he purchased these items and did not mention a bill of sale.
Deputy Cook learned that at the preliminary hearing one Larry Folsberg had been *938 identified as the person who sold the pump and tank to the defendant. Despite extensive searches by Cook and other officers, Folsberg was never located. Although subpoenaed by both the State and the defense, Folsberg was never found.
While no witness for the State knew who actually took the pump and tank, we think that there is sufficient circumstantial evidence to support the verdict of the jury. Dolvin v. State, 391 So.2d 133 (Ala.1979); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). The credibility and sufficiency of the defendant’s explanation of his possession of recently stolen property are questions of fact for the jury. Bryant v. State, 116 Ala. 445, 23 So. 40 (1898); Klemmer v. State, 51 Ala.App. 383, 286 So.2d 58, cert. denied, 291 Ala. 786, 286 So.2d 62 (1973).
It matters not that we may not have reached the same verdict as did the jury. The Court cannot substitute itself for the jury and adjudge that the verdict returned by the jury was wrong and unjust. Sims v. State, 31 Ala.App. 247, 14 So.2d 742 (1943); Barton v. State, 31 Ala.App. 267, 14 So.2d 380 (1943). The Court does not determine if the evidence proved the defendant’s guilt beyond a reasonable doubt and to a moral certainty but, rather, whether there was legal evidence presented from which the jury could draw an inference of guilt. Chambliss v. State, 373 So.2d 1185 (Ala.Cr.App.), cert. denied, Ex parte Chambliss, 373 So.2d 1211 (Ala.1979).
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.