TAYLOR, Judge.
Appellant Aaron James was convicted of two counts of murder in violation of § 13A-6-2, Code of Alabama 1975, and was sentenced to serve life in the penitentiary in each case, with the sentences to run concurrently.
The evidence presented tended to establish Aaron James’s covetous love for his childhood home and his murderous revenge against his sisters, whom he blamed for the fiery loss of that home.
After making repeated threats to kill his sisters, and after failing in his attempts to hire others to kill them, Aaron James finally resolved that he would commit these acts himself. He eventually persuaded his friend Cecil Dailey to drive him in his car to do this deed, and to dispose of the evidence afterward. Cecil Dailey later voluntarily went to the police and told them the events of the night of the murders.
Dailey testified that, when they met again several days later, Aaron James had told him what had happened inside the house. According to Dailey, Aaron James unlocked the door to his sisters’ house and entered. Inside, he found his sister Shirley asleep and he struck her with a piece of steel. When he had failed to kill her after bludgeoning her twice, he shot her. Shirley began screaming and he shot her again, this time killing her. Doris, another of his sisters, and her husband, Cleophus, were awakened by the shooting. Cleophus grabbed a rifle but, just as he stepped into the living room, Aaron shot and killed him. When Cleophus had fallen to the floor, Aaron advanced to the bedroom doorway and shot at Doris, who instantly fell to the bed, pretending that she had been shot. Doris, however, remained physically unharmed, as did her children, who had stayed in their bedrooms during the shootings.
I
The first of two issues raised by appellant is whether the trial court committed reversible error in failing to swear in the jurors before voir dire of the venire.
Since the filing of the appellant’s brief, the record has been supplemented. The supplemental transcript indicates that the jury venire was in fact sworn.
*1070 II
Second, appellant argues that his motion for judgment of acquittal, which was based on the argument that the accomplice’s testimony was uncorroborated, was incorrectly overruled.
This argument is based on § 12-21-222, Code of Alabama 1975, which is basically interpreted as standing for the proposition that “one may not be convicted on the uncorroborated testimony of an accomplice.” Wesley v. State, 481 So.2d 1155, 1158 (Ala.Cr.App.1985). However, this court has held that both circumstantial and direct evidence are competent to connect the defendant independently with the crime about which the accomplice has testified. Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), writ denied, 364 So.2d 406 (Ala.1978). Here, we have direct evidence which connects Aaron James to the crime. At trial, Doris Kimbrough, the would-be victim who was left alive by accident, identified appellant as the murderer. This testimony was not only corroborative, but sufficient in and of itself. While the appellant challenges the credibility of witness Doris Kimbrough, based on her impeachment, the question of her credibility is one for the jury. Shelton v. State, 384 So.2d 869 (Ala.Cr.App.), cert. denied, 384 So.2d 871 (Ala.1980); Brown v. State, 20 Ala.App.178, 101 So. 224 (1924). In respect, then, to the issue regarding the sufficiency of the evidence, this court is required to consider the evidence in the light most favorable to the state. Neal v. State, 460 So.2d 257, 259 (Ala.Cr.App.1984).
In addition, there is sufficient corroborative evidence from Doris and other witnesses that Aaron James had threatened and schemed to murder his sisters and had also attempted to hire others (including one David Thickler) to kill them. These factors, taken together, were sufficient to connect the appellant to the crime and to corroborate accomplice Cecil Dailey’s testimony. Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), writ denied, 364 So.2d 406 (Ala.1978).
The trial court, therefore, made no error in denying appellant’s motion for judgment of acquittal. This case is due to be affirmed.
AFFIRMED.
All the Judges concur.