(100 So. 456)

## SUMMERS v. STATE. (7 Div. 952.)

(Court of Appeals of Alabama. June 3, 1924.)

1. Criminal law ⟜918(1)—Overruling motion for new trial because of trial judge's view without notice to defendant held not error.

Overruling motion for new trial on ground that trial judge viewed locus in quo of alleged assault without notice to defendant and his attorneys *held* not error, especially where defendant interposed alibi; his substantial rights not being injuriously affected.

2. Criminal law ⟜1158(1)—Court's conclusion on oral testimony in trial without jury not disturbed, unless plainly wrong.

Conclusion of court sitting without jury, if based on oral testimony, must be given force and effect of jury's verdict on appeal, and cannot be disturbed unless plainly wrong.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Shelton Summers was convicted of assault and battery, and appeals. Affirmed.

The statement of the trial judge recites:

"[I] saw no place that the evidence offered on the trial indicated was the place where the assault and battery occurred. * * * In go-

ing from North Second street at Canterberry Station to the mill I followed as best I could the route mapped out by the testimony offered in this case. I did this for the purpose of enabling myself to understand the testimony offered both by the state and the defense in this case."

Affidavits offered in support of the motion for new trial, are made by the defendant and his attorneys, and affirm that affiants were not invited to view the locus with the trial judge, and had no notice of his purpose to do so.

J. M. Miller and E. O. McCord & Son, all of Gadsden, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. The undisputed testimony in this case shows that on or about September 5, 1923, Charles Dumas, the party alleged in the indictment to have been injured, was working for the Gadsden Car Works during a strike. That above 5:30 o'clock on the afternoon in question he (Dumas) was forcibly jerked from a bus at Canterberry station by several men and carried about a mile and a half to Black's creek, where he was severely beaten and bruised and thrown in the creek by these men, and was called a G—— d—— scab, etc. The defendant denied all connection with the beating of Dumas, and testified that he was not present at the time Dumas was injured, but was at another and different place. The injured party identified this defendant as one of his assailants, and there was other testimony of like import adduced by the state on this trial. In addition to the defendant's own testimony he offered other evidence corroborative of his insistence that he was not present when the offense complained of was committed.

The offense complained of in the indictment, that is, the corpus delicti, having been proven without conflict, the material question presented upon this trial was whether or not this defendant was one of the parties who committed the offense. This question was decided adversely to the defendant by the trial judge who heard and determined this case without the intervention of a jury.

No brief has been filed in behalf of appellant; however, the whole evidence has had our attentive consideration, and in our opinion the court properly convicted this defendant, as the evidence was ample upon which to predicate the judgment rendered.

[1] The rulings of the court upon the admission of testimony were clearly free from error, and need no discussion. Nor was

there any error in overruling defendant's motion for a new trial. The principal ground of the motion was predicated upon the alleged fact that the trial judge viewed the locus in quo. The voluntary statement of the trial judge as to his having gone out in the neighborhood where the offense is said to have been committed pending the trial has been carefully considered. We find nothing therein upon which to impute any wrong doing upon his part, or that could be designated as improper conduct. We will not put the court to error in this connection upon the testimony offered upon the motion, as nothing is shown which could have injuriously affected the substantial rights of the defendant. Especially is this true as the defense interposed was an alibi and that the defendant did not participate in any manner in the assault upon Dumas, the injured party.

[2] As stated this trial was had before the judge without a jury, and the rule in this state is that the conclusion of a court sitting without a jury, if based upon the oral testimony of witnesses, must on appeal be given the force and effect of a verdict of a jury, and, unless plainly wrong, cannot be disturbed. Millner v. State, 150 Ala. 95, 43 South. 194.

The judgment appealed from is affirmed.

Affirmed.