(110 So. 913)

**BERTALSON v. STATE.    (1 Div. 674.)**

(Court of Appeals of Alabama.    Dec. 14, 1926.)

**1. Intoxicating liquors ⟲238(4)—Conflicting evidence presented question of fact for court in liquor case tried without jury.**

In prosecution for violation of Prohibition Law by possessing liquors, evidence, being in conflict, presented question of fact for court to determine in trial without jury.

**2. Criminal law ⟲1158(1) — Conclusion of court sitting without jury, based upon oral testimony, unless plainly wrong, should not be disturbed on appeal.**

In liquor prosecution, conclusion of court sitting without jury, based upon oral testimony of witnesses, had to be given same effect on appeal as verdict of jury, and should not be disturbed unless plainly wrong.

Appeal from Circuit Court, Mobile County; T. J. Bedsole, Judge.

Reinart Bertalson was convicted for the violation of the Prohibition Law, and he appeals. Affirmed.

Gordon & Edington, of Mobile, for appellant.

Harwell G. Davis, Atty Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

BRICKEN, P. J. This is the second appeal in this case. Bertalsen v. State, 20 Ala. App. 539, 103 So. 480.

[1, 2] The defendant was tried by the court without a jury and was convicted for a violation of the Prohibition Law by having in his possession prohibited liquors. The evidence was in conflict, presenting therefore a question of fact for the court to determine. We are of the opinion that the judgment rendered was warranted by the evidence, and this is the controlling question upon this appeal. The rule, often stated, is that the conclusion of a court sitting without a jury, if based upon oral testimony of witnesses, must on appeal be given the force and effect of a verdict of a jury, and unless plainly wrong cannot be disturbed.

As stated we do not regard the conclusion and the judgment of conviction predicated thereon as being plainly wrong. There was one phase of the evidence to justify the court's action. The judgment of conviction will therefore stand affirmed.

Affirmed.