4 So.2d 9

**STATE v. VAUGHAN.**

4 Div. 218.

Supreme Court of Alabama.

June 26, 1941.

Rehearing Denied Oct. 16, 1941.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the petition.

Mulkey & Mulkey, of Geneva, opposed.

PER CURIAM.

Petition of the State of Alabama, by its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of that Court in the case of State v. Vaughan, 4 So.2d 5.

Writ denied.

GARDNER, C. J., and BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

On Rehearing.

PER CURIAM.

The Court of Appeals noting that the Legislature in the Act of 1935, General Acts 1935, P. 1110, Code 1940, Tit. 8, §§ 63, 71, expressly prohibited (Section 2 of the Act), the sale of bass, regardless of where taken, observed, among other things that this indicated "a legislative intent not to prohibit the sale of bream and crappie in waters without the state and a like in-

tent not to authorize that to be done by an administrative agency."

In other words the reasoning is that the law-making body, in dealing with this particular subject limited the prohibition to the sale of bass, and clearly evinced a legislative intent to confine the prohibition to the sale of bass only and not to delegate to any administrative agency the authority to extend the prohibition to other game fish, and thus amend, by extension what the Legislature had enacted as the law.

We find ourselves in accord with this view of the legislative intent. So viewing the matter the other questions discussed in the opinion as to the validity otherwise of Rule 7 as promulgated by the commissioner with the approval of the Conservation Board become unnecessary for consideration here, and are pretermitted.

Denial of the writ is rested upon the ground as herein indicated. These views were originally entertained but without express statement. On reconsideration we have thought it proper to thus specify our finding.

Rehearing overruled.