6 So.2d 434

## WEST et al. v. STATE.

### 8 Div. 86.

Court of Appeals of Alabama.

Nov. 25, 1941.

Rehearing Denied Dec. 16, 1941.

Thos. C. Pettus, of Moulton, for appellants.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The three appellants were tried jointly upon an affidavit in words and figures as follows:

"Affidavit

"The State of Alabama ⎱
Lawrence County.   ⎰ County Court

"Before me, Chas. E. Bragg, Judge of Probate and ex officio Judge of the County Court in and for said County and State, personally appeared Amos Spiller, who being duly sworn, on oath says that within twelve months before making of said affidavit, in said State and County, that he has probable cause for believing and does believe, that: Lum West, whose christian name is otherwise unknown, Homer West, whose christian name is otherwise unknown and Neal Long, whose christian name is otherwise unknown, did hunt, take, catch or kill or did attempt to take catch or kill a wild animal, to-wit: a deer, during the closed season on such deer and contrary to law, against the peace and dignity of the State.

"W. A. Spiller

"Sworn to and subscribed before me, this 16 day of August, 1940.
"Chas. E. Bragg
"Judge of Probate and Ex-Officio Judge Co. Court."

Warrants of arrest were duly issued against the three accused persons (appellants), made returnable to the County Court.

On the succeeding November 6, 1940, the case was called for trial, and before entering upon the trial the defendants in answer to said affidavit interposed demurrer thereto upon the following grounds:

"1. The same states no offense known to the law.

"2. The same charges no violation of any criminal offense.

"3. For that it is not a criminal offense to kill a deer.

"4. The affidavit states as a law the violation of a rule or regulation."

Said demurrer was overruled, whereupon each of the defendants plead "not guilty."

Thereupon, the State introduced one Lonnie Spiller, who, after being first duly sworn, testified: "My name is Lonnie Spiller, I live about twelve miles southwest of Moulton in what we call the National Forest. I was living out there in August of this year. I know the defendants; been knowing Mr. Homer West about ten or twelve years; been seeing Lum West for several years; and been knowing Neal Long five or six years. I remember an occasion back in August this year when a deer was killed close to my place; I saw it at Cliff Bridges place in Lawrence County. It was on Wednesday, the 7th of August, 1940. I heard three shots fired from a

shot gun; I was south from there about a half mile, on my own premises. After I heard those three shots fired, I just dropped my mule from my plow and went in the direction the shots were fired; when I went in that direction, I saw these defendants. I saw all three of them. When I first saw them they were at the old Bridges house, when I saw them to know who they were. I couldn't say just what they were doing; I saw someone drag a deer from behind an old house; I couldn't say who it was from the distance I was from them. I went up close to where the deer was; Lum West, Neal Long and Homer West were there. They tied the deer to a pole and went up the road; Neal and Homer I think did the tying. I saw the three of them tie it to a pole. I saw Mr. Lum West there with a shot gun; he went out to the Bridges house and got some wire and tied the deer to a pole; it was a broom pole. Mr. Lum West asked me not to say anything about it. Mr. Homer West was carrying one end of the pole and Mr. Neal Long was carrying the other. Neal Long asked me if I'd like to have a piece of it. The deer was a buck. It was about seven or seven-thirty in the morning. They went on up on the mountain and that's the last time I saw them with the deer."

And on cross-examination of this witness he testified as follows: "I didn't get mad at the defendants about anything, and am not mad at them now. I never have been hunting out there and was not out there hunting. I didn't eat any of the meat. I am positive that was Wednesday, August 7th."

There was some other testimony offered by the State, but the conviction of the defendants was rested upon the testimony above quoted.

At the conclusion of the State's case the defendants separately and severally moved the court to exclude the evidence and discharge the defendants. The motion was overruled and defendants duly and legally reserved an exception.

Each of the three defendants, testified in their own behalf and denied in toto the testimony of State witness Spiller. Each of them denied being at the place as testified to by State witness Spiller. They all three testified they were not present at the time and had no deer, and further, all of them set up an alibi and insisted they were several miles away from the place and at

the time testified to by said State witness. And some, if not all of the defendants, introduced other witnesses in support of their alibi.

The case was tried by the court without the intervention of a jury. All three of the defendants were adjudged guilty as charged in the affidavit, and judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

■ No brief has been filed by the appellants, but it is the duty of this court to consider all questions apparent on the record, or reserved by bill of exceptions, and to render here such judgment as the law demands.

Motion for a new trial was duly made and called to the attention of the trial court, who after entering, regularly, several orders of continuance, finally heard and considered said motion, and overruled and denied same. This action of the court is properly presented for our consideration, and as we see it the several grounds upon which said motion was based raise and present every insistence of error upon which appellants rely for a reversal of this case.

■ Grounds of motion numbered 1, 2, 3, present the question of the sufficiency of the evidence to sustain the judgment of conviction. As to these insistences, it will be noted from the above-quoted testimony, that a sharp conflict in the evidence is manifest, this being true it was within the province of the court to consider and determine the question of the guilt or innocence of the defendants, and the finding of the court in this connection, the law says, must on appeal be given the force and effect of a verdict of a jury, and unless plainly wrong cannot be disturbed. Summers v. State, 20 Ala.App. 19, 100 So. 456; Bertalson v. State, 21 Ala.App. 617, 110 So. 913.

■ We are of the opinion that the evidence adduced upon the trial of this case, supra, was ample to sustain the court in reaching the conclusion announced, which means, of course, we do not regard the conclusion and the judgment of conviction as being plainly wrong or unjust. The probative force to be accorded to the evidence, its weight and sufficiency was, as stated, for the trial court to determine. Brown v. State, 20 Ala.App. 178, 101 So. 224. What has been here said disposes

also of grounds 5, 8 and 9 of the motion for a new trial.

█ The action of the court in overruling the demurrer to the complaint was so clearly free from error, no discussion of this proposition is deemed necessary. This disposes of ground 4 of the motion for a new trial.

The remaining insistences raised and presented by grounds 6 and 7 of the motion for a new trial to the effect, (6) "The court erred in taking judicial knowledge of a rule or regulation promulgated by the Department of Conservation," and (7) "For that there was no legal evidence the deer was killed in a closed season," are fully and completely answered by the statutes, and the adjudications and decisions predicated thereon.

█ The Legislature may empower appointed agencies and bureaus to make such reasonable rules and regulations as are necessary for the administration and enforcement of the law. Parke et al. v. Bradley, State Treasurer, 204 Ala. 455, 86 So. 28; Skrmetta v. Alabama Oyster Commission, 232 Ala. 371, 168 So. 168.

█ All reasonable rules and regulations of the State Department of Conservation have the force and effect of law, and courts may take judicial knowledge of the same. Section 23, Act No. 240, General Acts, 1935, p. 637; Sections 4 and 7, Act No. 162, General Acts, 1939, p. 256. Section 21, Title 8, Code of Alabama, 1940.

It is a misdemeanor under the laws of this State to hunt, take, capture or kill, or to attempt to hunt, take, capture or kill a deer during the closed season. Section 6, Act No. 383, General Acts, 1935, p. 814; Section 87, Title 8, Code of Alabama, 1940.

The foregoing in no manner conflicts with our recent case State v. Vaughan, ante, p. 201, 4 So.2d 5, certiorari denied 241 Ala. 628, 4 So.2d 9, as there is but slight, if any, analogy in the case at bar, with the Vaughan case, supra.

█ There being no reversible error in the trial of this case in the court below, and the record appearing, in all things, regular, it follows that the judgment of conviction of these three appellants, from which this joint appeal was taken, must be, and is, affirmed.

Affirmed.