29 So.2d 333

**MARCET v. BOARD OF PLUMBERS EXAMINATION AND REGISTRATION OF ALABAMA et al.**

**3 Div. 467.**

Supreme Court of Alabama.

March 6, 1947.

Vincent F. Kilborn, of Mobile, for appellant.

Walter J. Knabe, of Montgomery, for appellees.

SIMPSON, Justice.

The appellant applied for a license as "master plumber" under the governing provisions of the Code, applicable to Mobile County. Before a license may be issued the applicant must stand and pass an examination before the Board of Plumbers Examination and Registration of Alabama. Art. 17, Sub. 2, Tit. 62, §§ 116–128, Code 1940.

The Board "is hereby authorized and empowered to make such reasonable rules * * * as shall be necessary to govern its proceedings to effectuate the provisions" of the act (§ 118) and, pursuant to this authority, adopted the following rule: "Should the applicant fail upon said examination, or fail to take said examination, no additional application will be accepted and no other examination will be given him within twelve months from the date of said examination. No temporary permits may be issued to any applicant failing in his examination, or failing to take the examination when notified"

Appellant failed his first examination and, in less than the stated period of twelve months, filed another application for a second examination, which the Board denied. This suit is to force the Board to receive his application and give him this second examination.

Decision is narrowed to the single question of whether the rule is appropriate and reasonable to effectuate the provisions of the act or whether it is arbitrary and unreasonably invades the right of appellant to pursue a lawful business. 42 Am.Jur. 429, § 100.

We have already said that plumbing is related to the public health and welfare and that statutory regulation of it by requirement of examination and licensing of plumbers may be left to the State's police power. State ex rel. Shirley v. Lutz, 226 Ala. 497(4), 147 So. 429. See 41 Am.Jur. 661 et seq. and 12 C. J. 1274, § 1075, 16 C.J. S. Constitutional Law, § 669, for general discussion and authorities.

To implement the proper exercise of that police power, the act may delegate

50

to the agency created the duty and authority to adopt such reasonable rules and regulations within the standards fixed, and not inconsistent with law, to effectually administer the act's provisions, subject, of course, to the implied constitutional limitation that such agency must not legislate. State v. Friedkin, 244 Ala. 494(15), 14 So.2d 363; Parke v. Bradley, 204 Ala. 455, 86 So. 28; Lehmann v. State Board of Public Accountancy et al., 208 Ala. 185, 94 So. 94; West v. State, 30 Ala.App. 318(6), 6 So. 2d 434; Lovett v. State, 30 Ala.App. 334 (1), 6 So.2d 437; 16 C.J.S., Constitutional Law, § 138, pp. 352, 372.

■ And within the constitutional limitation that the legislature may not delegate its power to make law, it may vest a considerable measure of discretionary authority in the officers or agencies charged with administering its enactments. 12 C.J. § 329, pp. 844, 845, 16 C.J.S., Constitutional Law, § 138; Railroad Commission of Alabama v. Alabama Great Southern R. Co. et al., 185 Ala. 354, 64 So. 13, 13 L.R.A.1915D, 98; State ex rel. Crumpton et al. v. Montgomery, 177 Ala. 212, 59 So. 294. This principle is also illustrated in Opp Cotton Mills v. Adm'r of Wage and Hour Div., 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624.

■ Only when this discretion has been arbitrarily exercised resulting in injustice or unfairness, do the courts intervene to strike down a rule promulgated by the proper agency designed to give appropriate effect to the provisions of the act involved. We find no precedent and have been cited to none which could sustain a judicial condemnation of the rule under consideration. There is no evidence that it is unreasonable or inappropriate for the enforcement of the act and from its four corners it cannot be said to be. Within the framework of the act and pursuant to its directions, the authority of such an agency to adopt an administrative rule of the character here considered is generally co-extensive with that of the legislature to speak on the question and had the act itself embodied such a provision, restricting appellant's right to a license, the court would not, on the showing of the present record, invalidate it.

■ This is a mandamus proceeding and for the writ to issue the petition must show a clear legal right to coerce the official act demanded and an imperative duty that it be performed. The instant proceeding fails to meet this requirement.

Some suggestion has been made in argument that the act violates the Fourteenth Amendment to the Federal Constitution as discriminating between certain classes of licensees. That question, however, is not here presented, so we lay it aside. By way of observation, though, if the act could be so construed because of permitting the licensing of one of a different classification who was without fitness as a master plumber, this would not entitle the appellant to a license. He could not claim the privilege under an unconstitutional act merely because others of a different status might be classified as qualified. He must stand on his own right. State v. Friedkin, supra; Giles v. Harris, 189 U.S. 475, 23 S.Ct. 639, 47 L. Ed. 909.

■ On like principle, the appellant is precluded in this proceeding from challenging the rule governing his application for license because the act permits the issuance of temporary, revokable permits to applicants, pending an examination, or because the one-year limitation seemingly applies to one scheduled for an examination who fails to take it. However the rule might operate on these latter classes of applicants could not affect the appellant of a different status who, in this proceeding, seeks to require the Board to give him a second examination less than a year after having failed the first. If the rule is a reasonable regulation, as applied to appellant—and nothing is shown to the contrary—its adoption by the Board was a valid exercise of that agency's power under the act and no court mandate against enforcement of the rule could properly issue.

We must affirm the judgment of the trial court in refusing to issue the writ.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.