87 So.2d 861

**Ida B. SANDLIN**

v.

**Abe GOLDSTEIN et al., as Members of the Planning Commission.**

**8 Div. 844.**

Supreme Court of Alabama.

May 24, 1956.

John W. Green, Jr., Huntsville, for appellant.

Jeff D. Smith, Smith, Johnston & Butler, Huntsville, for appellees.

STAKELY, Justice.

This case involves a question of procedure of the Planning Commission of the City of Huntsville, Alabama. On July 7, 1955, Ida B. Sandlin (appellant) filed a petition for mandamus in the Circuit Court of Madison County, against Abe Goldstein, Louis Tuminello, J. E. Mitchell, Jr., W. J. Price, W. A. Blevins, Tom Jones, Jr., R. B. Searcy, W. R. Dickson and John Blue, III, as members of the Planning Commission for the City of Huntsville, Alabama. An alternative writ of mandamus was issued by the circuit judge returnable July 26, 1955. The defendants demurred to the petition. The court sustained the demurrer and when the petitioner declined to plead further, the Court dismissed the petition. From this ruling the present appeal comes to this court.

The allegations of the petition in substance show that the plaintiff is a resident citizen of Madison County, Alabama, and that Abe Goldstein and the other defendants, who have been heretofore named, are resident citizens of Madison County, Alabama, and constitute the Planning Com-

mission of the City of Huntsville, Alabama. On March 3, 1955, the petitioner presented a plat of a proposed subdivision to the defendants as the Planning Commission of the City of Huntsville for its approval or disapproval. On April 7, 1955, a public hearing was held on the plat. For more than thirty days after the submission of the aforesaid plat to the Commission for its approval or disapproval, the defendants as such commissioners have neither approved or disapproved said plat. On June 2, 1955, the plaintiff demanded of the defendants as such Planning Commission a certificate of approval of the plat and the defendants as such Planning Commission have refused or failed to grant the certificate of approval of the plat submitted to the Planning Commission as aforesaid.

The following appears in § 799, Title 37, Code of 1940: "The planning commission shall approve or disapprove a plat within thirty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the commission on demand; * * *." It is the position of the appellant that under the foregoing provisions of the statute she is entitled on the basis of the allegations of her petition to a writ of mandamus requiring the Commission to approve the plat filed by her with the Planning Commission and to the issuance of a certificate to that effect.

On the other hand the Commission contends that the foregoing provisions of § 799 should be construed not only with the other provisions of § 799 but in connection with the provisions of § 798 and the other sections making up the statutes relating to subdivision control as set out in subdivision 2. In other words the Commission contends that the legislature intended that the Planning Commission should formulate a plan with the general purpose of accomplishing a coordinated, adjusted and harmonious development of the municipality in accordance with present and future needs which could include the various matters set forth in the statute such as a proper arrangement of streets in relation to other existing or planned streets, etc.

It will be noted that in § 798 it is provided that "the planning commission shall adopt regulations governing the subdivision of land within its jurisdiction." The petition does not set forth the rules and regulations, if any, adopted by the Planning Commission in connection with the subdivision of land within its jurisdiction. To sum up the situation, the Commission insists that unless all of these matters are set forth in the petition for mandamus, the court should not coerce the defendants into issuing a certificate of approval.

Upon a consideration of the matter, however, we feel that the language of § 799 which we have quoted above, is clear and explicit and that the legislature intended to provide the protection set forth in the act to the one filing the plat. In fact the position which we here take is amply supported by the authorities which have considered this statute. In the authorities which we cite the statutes involved are substantially similar to the statute under consideration in this case. In Vol. I of Zoning Law and Practice (2nd Ed.), p. 272, by Yokley, the author had this to say about the language contained in § 799, which is here under consideration:

"Most statutes provide that permits shall not be issued for subdivision plans until after approval by the planning commission. As a protection for subdividers, it is usually provided, or should be, that in the event the commission fails to approve or disapprove any such subdivision plan within a certain number of days, usually thirty, from the date of submission thereof to the commission, such plan shall be deemed to have been approved by the commission."

In State ex rel. Wollett v. Oestreicher, Ohio Com.Pl., 121 N.E.2d 454, 456, the court said:

"The Planning Commission cannot defer action on the plat submitted more than thirty days; otherwise it will be deemed approved; and thereupon it is mandatory that the certificate of the planning commission, on demand, shall be issued showing the

**360**

date of submission of the plat and its failure to act thereon."

We point out that in the case here cited as well as in the case at bar it is shown that the Commission, if it did not consider that the plan was in accordance with regulations governing the subdivision of the land, had the right within the thirty-day period to disapprove the plat. Under the allegations of the present petition there was no disapproval of the plat by the Planning Commission. See also Levin v. Cocks, Sup., 141 N.Y.S.2d 595.

The result is that the present petition contains allegations showing a clear legal right in the petitioner to coerce the official act demanded and an imperative duty to be performed by the defendants which they have refused to do and further there does not appear to be any other adequate remedy open to the petitioner. City of Decatur v. Mohns, 235 Ala. 640, 180 So. 297; Marcet v. Board of Plumbers, etc., 249 Ala. 48, 29 So.2d 333.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.