111 So.2d 919

## BAY TOWING AND DREDGING COMPANY

v.

## STATE.

1 Div. 793.

Court of Appeals of Alabama.

May 5, 1959.

Johnston, McCall & Johnston and Vickers, Riis, Murray & Curran, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Appellant, herein referred to as Bay Towing, has appealed from a judgment of conviction on a nonjury trial in the Circuit Court of Baldwin County, Alabama, on a charge that "it did take, catch, or remove oysters from the public reefs, bed, and/or bottoms within the jurisdiction of the State of Alabama by use of device other than tongs, contrary to law and against the peace and dignity of the State of Alabama." It was fined $250.

Both the State and Bay Towing, on oral argument, admitted that no oysters were actually taken by Bay Towing's dredge. The Gull, which, on March 2, 1958, was operating in the shallow waters of Mobile bay on the Baldwin County side using a suction type dredge with a cutter head to remove old oyster shells from the bottom of the bay. These shells have value as raw material, e. g., in road building and poultry feeding.

The fine is here justified on the ground that Code 1940, T. 8, § 13, makes a misdemeanor of a violation of a rule or regulation of the Director of Conservation, which also has been approved by the Advisory Board of Conservation.

In this chain of reasoning, we are next led to § 4 of the same Title which states that, with respect to oyster reefs and oyster bottoms, "the department may by order duly made and published prescribe the manner of taking or catching * *"

From this statutory authority, we then go to the Department's Regulations Relating to Seafoods, adopted September 1, 1957, with the approval of the Advisory Board, of which Regulation 5 reads in part:

"The taking, catching or removal of oysters from the public reefs, beds and/or bottoms within the jurisdiction of the State of Alabama shall be by use of tongs only. * * *"

Section 5111 of the 1923 Code (which section was omitted from the 1940 Code) read as follows:

"Any person who takes or catches oysters by using any implement or instrument other than the oyster tongs heretofore generally used for that purpose is guilty of a misdemeanor."

■ While undoubtedly the power of the Legislature by statute to punish the violation of a reasonable rule or regulation of a governmental body subordinate to the Legislature (and complying with the Legislature's standards, cf. Commonwealth v. Diaz, 326 Mass. 525, 95 N.E.2d 666; State v. Friedkin, 244 Ala. 494, 14 So.2d 363; Marcet v. Board, 249 Ala. 48, 29 So. 2d 333; Reims v. State, 17 Ala.App. 128, 82 So. 576) exists even to the extent of constituting such violation as a misdemeanor, United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; West v. State, 30 Ala.App. 318, 6 So.2d 434, nevertheless, it is axiomatic that crimes created by legislation as distinguished from those defined at common law are (in interpreting the substance of enactments constituting them) to be strictly construed by the courts. Even so, we find no difficulty in stating that under the evidence here the use of the cutter head and suction pump in this instance constituted a dredging by means other than tongs.

However, the State's only evidence of the existence of live oysters arose from the "sweeping" of the immediate area in which The Gull was working. This sweeping consisted of running a scoop-like object called an oyster dredge along the bottom near The Gull, with the result that certain sweeps within fifty feet of The Gull brought up spat, i. e., small live oysters in rather small quantities.

There was no evidence of any live oysters coming through the cutter head or suction pump or of their going out to the barges into which The Gull was discharging the dredged material.

■ The regulation against taking undoubtedly refers only to live oysters. There being no proof that any live oysters were taken, caught, or removed by The Gull (or more properly her captain), the extent of proof here can in nowise sustain the conviction.

Reversed and remanded.